**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

**CIVIL ACTION NO. 1:07CV-P141-M**

**HAROLD DEE JONES**                                                        **PLAINTIFF**

**v.**

**JACKIE STRODE, JAILER** *et al.*                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Harold Dee Jones filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will provide Plaintiff with an opportunity to amend the complaint prior to its dismissal.

**I. SUMMARY OF CLAIMS**

Plaintiff is a state inmate currently incarcerated at the Green River Correctional Complex. The allegations in his complaint, however, pertain to his detention at the Warren County Regional Jail ("WCRJ"). As Defendants, he names Jackie Strode, the Warren County Jailer, and Gayle Eston, the Warren County Chief Deputy Jailer. He sues both Defendants in their individual and official capacities and seeks monetary and punitive damages and injunctive relief. Plaintiff alleges violations of the First, Eighth, and Fourteenth Amendments. These three claims will be further summarized later in the Memorandum Opinion.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28

U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks

an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The

trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order

to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a

right to relief above the speculative level on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct.

1955, 1965 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do."  *Twombly*, -- U.S. -- , 127

S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*).  In reviewing a complaint under this

standard, the Court must construe the pleading in the light most favorable to Plaintiff.  *Bibbo v.*

*Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent

standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent'

with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*,

610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a

claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the Court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful

strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.  ANALYSIS

### A.  First Amendment--denial of meaningful access to the courts

Courts have repeatedly recognized the constitutionally protected right of meaningful

access to the courts.  "It is indisputable that indigent inmates must be provided at state expense

with paper and pen to draft legal documents[,] with notarial services to authenticate them, and

with stamps to mail them."  *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977).  "This is not to say

that economic factors may not be considered, for example, in choosing the methods used to

provide meaningful access.  But the cost of protecting a constitutional right cannot justify its

total denial."  *Id.* at 825.  Meaningful access will vary with the circumstances, and officials are to

be accorded discretion in determining how that right is to be administered.  *Id.* at 830-31; *John L.

v. Adams*, 969 F.2d 228, 233-34 (6th Cir. 1992).  "The inquiry is [] whether law libraries or other

forms of legal assistance are needed to give prisoners a reasonably adequate opportunity to

present claimed violations of fundamental constitutional rights to the courts."  *Bounds v. Smith*,

430 U.S. at 825.

To state a claim for a denial of access to the courts, a prisoner will have to demonstrate

actual prejudice to pending litigation that challenges his conviction or conditions of confinement.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996).  That is, there must be an actual injury, and no actual

injury occurs without a showing that such a claim "has been lost or rejected, or that the

presentation of such a claim is currently being prevented." *Id.* at 356.  In addition, "only

prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts

action." *Hadix v. Johnson*, 182 F.3d 400 (6th Cir. 1999) (quoting *Lewis v. Casey*, 518 U.S. at

353 & n.3 ("Depriving someone of a frivolous claim, . . . deprives him of nothing at all, except

perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.")).

In the complaint, Plaintiff alleges that he and all other inmates "are only provided 10

sheets of paper, 1 pencil, 2 envelopes, 2 small soaps and toothpaste once per week."

Additionally, claims Plaintiff, "the law library is very insufficient as inmates are not provide[d]

any books that are needed, or assistance by persons reasonable trained to conduct research."

Further, "[a]ny inmate that would wish to gain access to the Courts pro se is not provided with

even half the supplies it would take to accomodate filing procedures with the Courts in Criminal

or Civil matters."

Plaintiff has not shown any actual injury as a result of the alleged limited legal resources

at the Warren County Regional Jail as he wholly fails to allege that any non-frivolous claim has

been lost or rejected or that any non-frivolous, pending claim is unable to be presented.  He has,

therefore, failed to present a viable First Amendment claim.

### B.  Eighth Amendment--cruel and unusual punishment

In order for a claim to rise to the level of an Eighth Amendment violation, "a prison

official must know of and disregard an excessive risk to inmate health or safety; the official must

both be aware of the facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825,

837-38 (1994) (citations omitted). Plaintiff claims that he was required to sleep on the floor for

sixteen days and that four of those days were without a mattress. He claims that "[a]lthough

cleaning supplies are used, these floors are very nasty."

　　"The Sixth Circuit has held that requiring prisoners to sleep on the floor without likewise

depriving them of essential food, basic sanitation, or safe temperatures does not rise to the level

of an Eighth Amendment violation." *Eddings v. Herrington*, 4:05CV-P138-M, 2005 WL

3134045, at *5 (W.D. Ky. Nov. 23, 2005) (citing *Brodak v. Nichols*, No 97-1688, 1998 WL

553032, at *1 (6th Cir. Aug. 17, 1998)); *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1

(6th Cir. Feb. 15, 1996) (holding that as a matter of law defendants did not violate inmate's

Eighth Amendment rights by depriving him of a mattress for a two-week period.). Plaintiff's

allegation that he was forced to sleep on the floor for a few days, even without a mattress, simply

does not rise to the level of an Eighth Amendment violation. His broad claim that the floor was

"nasty" does not alter this conclusion because he fails to describe the allegedly "nasty"

conditions, admits that basic sanitation is provided (*i.e.*, cleaning supplies are used), and reports

that he was on the bare floor for only four days.

### C. Fourteenth Amendment--due process

With respect to this claim, Plaintiff alleges as follows:

Inmates are deprived of their good-time credits, privileges and custody status at
the "whim" of a Deputy Office at WCRJ without being afforded the minimum
requirements of procedural due process. Punitive segregation is imposed and
Deputy jailer incidents reports are issued against inmates for allegations and they
(inmates) aren't given a) written notice of the charges; b.) a brief opportunity to
marshall the facts, present documentary evidence and cross-examine witness; a
good faith investigation and c.) a written statement by the factfinder as to the
evidence relied on and reasons for disciplinary action. Good time credits are

taken, privileges are taken, punitive segregation is imposed and custody status is altered on inmates without affording them the minimum requirements of procedural Due Process under the 14th Amendment.

"It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). "As an aspect of justiciability, the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). To establish standing, a plaintiff must first demonstrate that he has suffered an "'injury in fact,'" *Whitmore v. Arkansas*, 495 U.S. at 155, and "even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, . . . the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. at 499.

It is wholly unclear whether Plaintiff was ever the subject of any disciplinary action or whether he is asserting this claim on behalf of inmates in general. To the extent that he is asserting the claim for inmates in general, he lacks standing. Even if he was placed in segregation for an unspecified period of time, lost unspecified privileges, or experienced a change in custody status, he wholly fails to describe any condition that "imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Absent this showing, Plaintiff has alleged no liberty interest deserving of due process protection. While a prisoner has a protected liberty interest in good-

time credits, Plaintiff has not alleged sufficient facts (such as whether he even lost good-time credits and, if so, the circumstances surrounding the loss) to determine whether a § 1983 due process challenge to loss of such credits is yet cognizable. *See Edwards v. Balisok,* 520 U.S. 641 (1997) (holding that, consistent with *Heck v. Humphrey*, 512 U.S. 477 (1994), if inmate's allegations would "necessarily imply the invalidity of the punishment imposed," the claim is not cognizable under § 1983).

In order to assert a cognizable § 1983 claim, a plaintiff must allege specific facts. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The required facts must provide adequate detail to support the claim, such as specific incidents of deprivation of a plaintiff's rights, how each defendant was involved, the names of other persons involved, dates, and places. The specific facts must also explain how the plaintiff himself was personally injured by the challenged conduct or condition, *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and how each defendant is responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985).

As Plaintiff has wholly failed to allege whether he personally (as opposed to WCRJ inmates in general) received some sort of disciplinary punishment, what the punishment was, and the circumstances surrounding the punishment, his Fourteenth Amendment claim is lacking on its face.

**D. Motion for leave to file an amended complaint**

Although the complaint is insufficient as currently crafted, Plaintiff has a pending motion for leave to file an amended complaint. Given Plaintiff's *pro se* status, the Court will provide him with an opportunity to provide more facts if he so desires. Accordingly, **IT IS ORDERED** that the motion for leave to file an amended complaint (DN 3) is **GRANTED**. **No later than 20 days from the date of entry of this Memorandum Opinion and Order, Plaintiff may amend the complaint to provide more detail with respect to the three claims raised in his complaint**. Should Plaintiff choose not to file an amended complaint within the time allotted, the Court will enter an order dismissing the action for the reasons stated herein.

Date: January 11, 2008

Joseph H. McKinley, Jr., Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Warren County Attorney
4414.005

8