UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:07CV-P141-M

**HAROLD DEE JONES**                                                                                          **PLAINTIFF**

v.

**JACKIE STRODE, JAILER** *et al.*                                                                        **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Harold Dee Jones filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. By Memorandum Opinion and Order entered January 14, 2008 (DN 12), the Court conducted its initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Court concluded that Plaintiff's First, Eighth, and Fourteenth Amendment claims failed to state a claim upon which relief may be granted. With respect to the First Amendment claim, the Court concluded that Plaintiff did not show any actual injury as a result of the alleged limited legal resources at the Warren County Regional Jail ("WCRJ") as he failed to allege that any non-frivolous claim had been lost or rejected or that any non-frivolous claim was unable to be presented. As to the Eighth Amendment claim, the Court found that Plaintiff's allegation that he was forced to sleep on a dirty floor for a few days, even without a mattress, did not rise to the level of an Eighth Amendment violation. Finally, the Court determined (1) that Plaintiff lack standing to bring a Fourteenth Amendment claim on behalf of all inmates at the WCRJ; and (2) that his own Fourteenth Amendment claim was lacking on its face as he failed to describe any condition that "imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Although the Court concluded that the complaint was insufficient as crafted, it granted Plaintiff's motion for leave to file an amended complaint, providing him with 20 days within which to provide more detail with respect to his three claims if he so desired. The Court warned Plaintiff that his failure to file an amended complaint within the time allowed would result in dismissal of the action for the reasons stated in the Memorandum Opinion and Order.

Twenty days have passed, and Plaintiff has failed to file an amended complaint. Accordingly, by separate Order, the Court will dismiss the action for failure to state a claim upon which relief may be granted.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Warren County Attorney
4414.005